UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETER WIEBE,

    Plaintiff,

v.                                                       Case No.  6:12-cv-1200-Orl-18TBS

ZAKHEIM & LAVRAR, P.A.,

    Defendant.

_____

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 11).  The Defendant has not responded to the motion and the time for doing so has expired.  The motion is therefore, ripe for review.

The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  (Doc. 1).  The Defendant answered and asserted the following affirmative defenses:

> 1. Defendant states that if it violated the Fair Debt Collection Practices Act ("FDCPA"), which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. The fact that Defendant Zakheim may have filed an action in a county court in Polk County, as opposed to Osceola County, was an unintentional error, as it is Defendant Zakheim's policy to attempt to file actions in the appropriate county court.
>
> 2. Plaintiffs' claims are barred or diminished by the application of the Rooker-Feldman doctrine, and its progeny, and this court lacks jurisdiction over the claims asserted against this Defendant. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct.1303, 1311-15, 75 L.Ed.2d 206 (1983).

   3.  Plaintiffs' claims are barred or diminished by the doctrines of collateral estoppel, res judicata, issue preclusion and other similar doctrines, as the underlying factual issues have been resolved in state court.

   4.  To the extent that Plaintiff seeks non-economic actual damages, Plaintiff's claims for emotional distress and other non-economic damages are not recoverable under Florida or Federal law.

   5.  Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

   6.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, to the extent any of the alleged communications or violations occurred outside the applicable limitations period.

   7.  Plaintiffs' claims are barred or diminished because any allegedly wrongful acts or omissions of Defendant, if and to the extent such acts and omissions occurred, were legally excused or justified.

   8.  Plaintiffs claims are barred or diminished because any and all conduct or activity by Defendant alleged by Plaintiffs conformed to any and all applicable state and federal statutes, codes, and regulations at all times relevant herein.

   9.  Plaintiff's claims are barred by the doctrine of release and accord and satisfaction.

   10.  Plaintiff's claims are barred by the doctrine of setoff.

   11.  Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

(Doc. 9 ¶¶ 1-11).

  Plaintiff seeks an order striking all of the Defendant's affirmative defenses on the ground that they are not sufficiently pled under the heightened pleading standard enunciated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  The Eleventh Circuit has not decided whether this heightened standard applies to affirmative defenses and courts

within this District are divided on the question.  Compare, Fine's Gallery, LLC v. From Europe To You, Inc., No. 2:11-cv-220-FtM-29SPC, 2011 WL 5583334 (M.D. Fla. Nov. 16, 2011) (holding that the heightened standard does apply), with Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37-MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011); Ioselev v. Schilling, No. 3:10-cv-1091-J-34MCR, 2011 WL 5855342 (M.D. Fla. Nov. 22, 2011), and Great Am. Assurance Co. v. Sanchuck, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 1656751 (M.D. Fla. May 10, 2012) (holding that the heightened standard does not apply), and Graphic Packaging International, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-37JBT, 2011 WL 4862498 (M.D. Fla. Sept. 12, 2011), and Smith v. City of New Smyrna Beach, No. 6:11-cv-1110-Orl-31KRS, 2011 WL 6099547 (M.D. Fla. Dec. 7, 2011) (which rule without deciding the issue).

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it."  Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  While affirmative defenses are subject to being stricken if they are legally insufficient, striking a defense is a "drastic remedy which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs., East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962); Poston v. Am. President Lines Ltd., 452 F.Supp. 568, 570 (S.D. Fla. 1978)).  Affirmative defenses are generally only stricken if they are insufficient as a matter of law.  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).

"There are no hard and fast rules for determining what constitutes an

insufficient defense." Florida Software Sys., Inc. v. Receivable Dynamics, Inc., No. 97-2866-CIV-T-17B, 1999 WL 781812 *1 (M.D. Fla. Sept. 16, 1999).  Still, if a defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot succeed under any set of facts which it could prove, the defense will be deemed insufficient.  Id.; Microsoft Corp., 211 F.R.D. at 683.  In evaluating a motion to strike "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."  Florida Software Systems, 1999 WL 781812 at *1. After due consideration, the Court concludes that it does not have to reach the question of whether the heightened pleading standard under Twombly and Iqbal applies to the Defendant's affirmative defenses in order to decide Plaintiff's motion.

      The Defendant's First Affirmative Defense of "bona fide error," is based upon 15 U.S.C. § 1692k(c) which provides that under the FDCPA, a debt collector is shielded from liability if it can show by a preponderance of the evidence that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b).  Konewko v. Dickler, Kahn, Sloikowski & Savell, Ltd., No: 07 C 5338, 2008 WL 2061551 *1 (N.D. Ill. May 14, 2008); and Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 537 (D. Md. 2010).  This generally means alleging "the who, what, when, where and how: the first paragraph of any newspaper story."  General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997) (quoting DiLeo v. Ernst &

Young, 901 F.2d 624, 627 (7th Cir. 1990)).  The Defendant has sufficiently alleged that it has policies and procedures for the filing of complaints, including that complaints be filed in the appropriate county.  Defendant further alleges that it deviated from its policy in this case as the result of a bona fide error.  This is sufficient under the circumstances so that Plaintiff should not be unfairly surprised by the defense.

For its Second Affirmative Defense, the Defendant cites the Rooker-Feldman doctrine which provides that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Skinner v. Switzer, 131 S.Ct. 1289, 1291-92 (2011).  Plaintiff concedes that the doctrine is an available defense in FDCPA cases in which the debt collector has obtained a prior state court judgment on the debt.  However, Plaintiff argues, and the Court agrees, that this affirmative defense, as pled, fails to give Plaintiff fair notice of the defense in order for Plaintiff to adequately respond.

The Defendant's Third, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Affirmative Defenses are simply labels and conclusions which leave the reader thinking that the Defendant asserted any and all defenses it could think of that might possibly apply in this case.  None of these so-called defenses satisfy the mandate of Rule 8. At best, they merely inform Plaintiff and the Court of the legal theories the Defendant intends to rely on without communicating the grounds for the defenses.  It is not the Plaintiff or this Court's responsibility to interpret Defendant's vague statements of defense.  As pled, these defenses do not give Plaintiff fair notice and Plaintiff cannot be expected to adequately respond to them.  Accordingly, the Court need not address Plaintiff's other complaints about certain of these defenses.

Plaintiff's motion to strike the Defendant's Fourth Affirmative Defense must be denied because Plaintiff has not offered any rationale or analysis to explain why the defense should be stricken.

The Defendant's Eleventh Affirmative Defense is not a defense at all; it is merely an ineffective and unnecessary reservation of right.  If the Defendant discovers information warranting an amendment of its affirmative defenses then it may make a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

Now, it is ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 11) is GRANTED in part and the Defendants Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Affirmative Defenses are STRICKEN.  In all other respects, the motion is DENIED.

DONE AND ORDERED in Orlando, Florida, on November 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel